DOROTHY ELIZABETH WALTHER and DOROTHY ELIZABETH WALTHER, executrix of the estate of Fred Walther, deceased

v.

PUEBLO SUPERMARKET OF ST. THOMAS, INC., Appellant

v.

CASTILLO RACK SERVICE, INC., PUERTO RICO CORPORATION, SAN JOSE SHOPPING CENTER, RIO PIEDRAS, PUERTO RICO

No. 18,395

United States Court of Appeals

Third Circuit

Argued October 30, 1970
Decided November 17, 1970

---

WALTER J. HURLEY, ESQ., Boston, Massachusetts, *for appellant*

BRITIAN H. BRYANT, ESQ., Christiansted, St. Croix, Virgin Islands, *for appellees*, CASTILLO RACK SERVICE, ETC.

RONALD TONKIN, ESQ., Christiansted, St. Croix, Virgin Islands, *for appellees*, WALTHER, ETC.

Before FORMAN, SEITZ and ALDISERT, *Circuit Judges*

## OPINION OF THE COURT

### PER CURIAM:

This is an appeal by the defendant Pueblo Supermarket (Supermarket) from the entry of a money judgment in favor of the plaintiffs, husband and wife, as a result of jury verdicts rendered on their claims that the wife (plaintiff) was injured through defendant's negligence. Plaintiff's husband died after the entry of judgment.

Plaintiff was injured while shopping at the Supermarket when cartons of bottled salad dressing, stacked unreasonably high on a shopping cart, toppled and struck plaintiff in the back of the neck. The cartons toppled when a shopping cart being pushed by a Supermarket employee struck the overloaded cart which was being unloaded by an employee of Castillo Rack Service, Inc., which maintained a beauty products concession in the Supermarket.

The appellant Supermarket claims that a new trial should be granted because the verdict was excessive and the product of prejudice. The jury awarded plaintiff $56,250 and her husband $10,000 plus medical expenses of $2,872.86. Plaintiff agreed to a remittitur reducing her judgment to $45,000. Her husband also agreed to a remittitur resulting in a total judgment for him of $6,872.86. Appellant contends that despite the remittiturs the judgments are grossly excessive.

22

■ We have reviewed the evidence and while we think the awards were extremely generous, even considering the remittiturs, we cannot find that they were so great that we can characterize them as grossly excessive. It is the fact that plaintiff mentioned insurance casually when she testified concerning a conversation she had with the manager of the Supermarket immediately after the accident. However, we cannot find that any mistrial was sought at the time or indeed that any point was then made of it. We find no such bias or prejudice as would constitute reversible error.

■ Appellant Supermarket's second argument is that the district court was in error in not granting its motion for a new trial or judgment n.o.v. as to the third party defendant Castillo Rack because there was insufficient evidence upon which a jury could exonerate Castillo Rack. However, plaintiff's own testimony that Castillo Rack's employee was stacking salad dressing bottles rather than beauty lotions was sufficient to create a jury issue as to whether he was then acting as Supermarket's agent, rather than performing his employer's work. It follows that Supermarket's motions were properly denied.

■ Although plaintiff-appellees did not cross-appeal, they contend that we should reinstate the original verdicts because the district court abused its discretion in ordering the remittiturs. Assuming without deciding that the issue is properly before us, we conclude that the remittitur order was not an abuse of discretion and indeed was fully dictated by plaintiffs' own evidence.

We need not reach other contentions of the appellees. Finally, we deny appellees' motions to dismiss the appeal.

The judgment of the district court will be affirmed.